```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

JEFFERY BUENO,

                Plaintiff,

    - v. -

THE CITY OF NEW YORK,
POLICE OFFICER MICHAEL
MCDONNELL, and POLICE
OFFICER ALEJANDRO RIVAS, individually
and in their official capacity as New
York City Police Officers,

                Defendants.

```
------------------------------------------------------------X
```

Case No. 15-cv-5513

**COMPLAINT**

**JURY TRIAL
DEMANDED**

      Plaintiff JEFFERY BUENO by and through his attorneys, Perlmutter & McGuinness, P.C., alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is an action to recover monetary damages arising out of Defendants' violations of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional rights when Defendants unlawfully assaulted, battered, arrested and caused the prosecution of Plaintiff.

    2.    This action arises out of conduct by Defendants, which led to the unlawful attack and arrest of Plaintiff and the prosecution of Plaintiff by

representatives of the New York County District Attorney's Office, who are not parties to this action.

3. Defendants, acting under the color of state law, have intentionally and willfully subjected Plaintiff to, *inter alia*, harassment, arrest, assault, battery, selective enforcement of the law, false imprisonment and detention.

4. Defendants used excessive force and assaulted and battered Plaintiff while affecting an unlawful arrest causing physical injuries requiring medical treatment.

5. Defendants unlawfully arrested and detained Plaintiff in retaliation for Plaintiff's lawful exercise of free speech and assembly, and in violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights under the United States Constitution, 42 U.S.C. § 1983, and the laws of New York State.

## JURISDICTION

6. This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

7. The Southern District of New York is an appropriate venue under 28 U.S.C. §§ 1391(a), (b) and (c), and 1402(b) because the events giving rise to this

claim occurred in New York County.  In addition, Defendants conduct business and maintain their principal places of business in New York County.

## JURY DEMAND

8. Plaintiff demands a trial by jury on each of his claims that can be tried to a jury.

## THE PARTIES

9. Plaintiff JEFFREY BUENO is a 30-years-old citizen of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York.

10. Defendants POLICE OFFICER MICHAEL MCDONNELL (hereafter "OFFICER MCDONNELL") and POLICE OFFICER ALEJANDRO RIVAS (hereafter "OFFICER RIVAS") are and were at all times relevant herein officers, employees, and agents of the New York City Police Department (hereafter "NYPD").  OFFICER MCDONNELL and OFFICER RIVAS are being sued herein individually and in their official capacity.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  The NYPD is a municipal agency of the CITY OF NEW YORK.  Pursuant to N.Y.C. Charter § 396, the CITY OF NEW YORK is the party to be named in an action for the recovery of penalties for the violations stated herein.

12. At all times relevant herein, OFFICER RIVAS and OFFICER MCDONNELL were acting under the color of state law, to wit, under color of the

statutes, ordinances, regulations, policies, customs, and usages of the CITY OF NEW YORK, in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They acted for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, employees, and agents of the NYPD. At all times relevant herein, the NYPD hired, employed, supervised, and controlled OFFICER MCDONNELL and OFFICER RIVAS.

## FACTS

13. On October 17, 2014, at approximately 3:15pm, Plaintiff and some of his friends were standing on a public sidewalk in front of 600 West 162nd Street in New York County. Plaintiff was in the vicinity to pick up his daughter from a daycare located nearby. OFFICER MCDONNELL and OFFICER RIVAS approached Plaintiff and his friends and demanded to see their identification.

14. Plaintiff and his friends stated that they had not acted unlawfully and did not want to provide identification. OFFICER RIVAS stated that anyone who did not produce identification would be arrested.

15. Plaintiff did not produce identification. OFFICER RIVAS told Plaintiff that he was going to be arrested for failure to produce identification.

16. Plaintiff then ran away to avoid the unlawful arrest. OFFICER RIVAS chased, tackled, and handcuffed Plaintiff, and placed Plaintiff under arrest.

OFFICER RIVAS then transported Plaintiff to a police car driven by OFFICER MCDONNELL.

17.     Once Plaintiff was in the police car, OFFICER RIVAS kicked Plaintiff and struck Plaintiff in the face.

18.     OFFICER RIVAS's attack caused Plaintiff to suffer injuries including deep scrapes to his wrist and knees, and injuries to his head. OFFICER RIVAS also caused serious injury to Plaintiff's right thigh that resulted in a blood clot.

19.     OFFICER RIVAS arrested Plaintiff without probable cause, reasonable suspicion or a warrant authorizing Plaintiff's arrest. Prior to his arrest, Plaintiff had not committed any violation of the New York Penal Code or any other provision of law for which an arrest may lawfully be made. At no time did Plaintiff pose a threat to the safety of any individual.

20.     At the precinct, Plaintiff complained of his injuries and asked to go to the hospital for medical treatment. OFFICER RIVAS and OFFICER MCDONNELL refused to take Plaintiff to the hospital and summoned an EMT. After being treated by an EMT, Plaintiff believed he needed further medical care. OFFICER RIVAS and OFFICER MCDONNELL told Plaintiff that he would not be taken to the hospital and told Plaintiff to sign a form stating that he did not need further medical treatment. Plaintiff refused to sign the form.

21.     Plaintiff's photographs and fingerprints were taken.

22.     Plaintiff was subjected to a strip search.

23. Plaintiff was then transported to 100 Centre Street where he remained incarcerated until his arraignment the following night.

24. Plaintiff was charged with Resisting Arrest (PL § 205.30) and Disorderly Conduct (PL § 240.20[5]). Plaintiff was released on one-dollar bail.

25. Upon information and belief, Plaintiff spent approximately 36 hours in custody before his release.

26. Thereafter, Plaintiff made two more appearances in court before the charges against him were dismissed.

27. On the occasion enumerated herein, OFFICER RIVAS, harassed, assaulted, and battered Plaintiff and violated his Fourth Amendment right against illegal search and seizure when Plaintiff was arrested without probable cause or a warrant.

28. OFFICER RIVAS acted intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of his acts. As a direct and proximate result of the acts of Defendants, Plaintiff experienced physical pain and injury, mental suffering, anguish, psychological and emotional distress, humiliation, embarrassment and deprivation of physical liberty.

29. OFFICER RIVAS and OFFICER MCDONNELL were acting in concert and under color of law.

30. Approximately one week following Plaintiff's release, Plaintiff went to Presbyterian Hospital in Manhattan for further care for injuries sustained during

his arrest. Doctors informed Plaintiff that he had a blood clot in his right leg at the site of injury caused by OFFICER RIVAS. The condition required a procedure and further treatment.

31. Plaintiff filed a notice of claim with the CITY OF NEW YORK on January 28, 2015.

## FIRST CAUSE OF ACTION
### (Freedom of Speech and Assembly Violation — Federal Claim)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. OFFICER RIVAS assaulted, battered, and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his First Amendment protected speech and assembly in violation of Plaintiff's rights under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

34. Plaintiff suffered physical, mental, emotional, and financial injuries, as a result of OFFICER RIVAS's violation of Plaintiff's rights. OFFICER RIVAS is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## SECOND CAUSE OF ACTION
### (Freedom of Speech and Assembly Violations — State Claim)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. OFFICER RIVAS assaulted and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his right to free speech under the New York State Constitution Article 1, § 1, and his right to assemble under the New York State Constitution Article 1, § 8.

37. Plaintiff suffered the physical, mental, emotional, and financial injuries as a result of the OFFICER RIVAS's violation of Plaintiff's rights, and, as such, OFFICER RIVAS is liable to Plaintiff.

## THIRD CAUSE OF ACTION
### (Unlawful Seizure — Federal Claim)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. OFFICER RIVAS arrested Plaintiff without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure and the Fourteenth Amendment right to Due Process.

40.     Plaintiff suffered the physical, mental, emotional, and financial injuries as a result of Defendants' deprivation of Plaintiff's civil, constitutional and statutory rights, and are liable under 42 U.S.C. §§ 1983 and 1985.

### FOURTH CAUSE OF ACTION
### (Excessive Force — Federal Claim)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if more fully set forth at length herein.

42.     During OFFICER RIVAS unlawful arrest of Plaintiff, OFFICER RIVAS employed unnecessary and unreasonable force in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

43.     As a proximate result of OFFICER RIVAS's use of excessive force, he caused Plaintiff to suffer serious physical, psychological, and emotional pain and suffering, and Plaintiff was otherwise damaged and injured.

44.     OFFICER RIVAS deprived Plaintiff of his civil, constitutional, and statutory rights and is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

### FIFTH CAUSE OF ACTION
### (Excessive Force/Negligence — State Claim)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. OFFICER RIVAS, while acting as agent and employee for the CITY OF NEW YORK, in his capacity as officer in the NYPD owed a duty to Plaintiff to perform his police duties without the use of excessive force. OFFICER RIVAS's use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or injury to OFFICER RIVAS or to others, constitutes negligence for which OFFICER RIVAS is individually liable.

47. OFFICER RIVAS's use of force upon Plaintiff when OFFICER RIVAS had no lawful authority to arrest Plaintiff or use force against Plaintiff constitutes negligence for which OFFICER RIVAS is individually liable.

48. As a proximate result of OFFICER RIVAS's negligent use of excessive force, Plaintiff suffered serious physical, psychological, and emotional pain and suffering, and otherwise damaged and injured Plaintiff.

## SIXTH CAUSE OF ACTION
(Assault)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if more fully set forth at length herein.

50. By the conduct and actions described above, OFFICER RIVAS inflicted the tort of assault upon Plaintiff. The acts and conduct of OFFICER RIVAS were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. OFFICER RIVAS's conduct against Plaintiff constituted an assault upon Plaintiff in that OFFICER RIVAS attempted to injure Plaintiff or commit battery upon him, and further that OFFICER RIVAS's acts represented a grievous affront to Plaintiff.

52. OFFICER RIVAS's actions were intentional, reckless, and unwarranted, and without any just cause or provocation, and OFFICER RIVAS knew, or should have known, that his actions were without the consent of Plaintiff.

### SEVENTH CAUSE OF ACTION
### (Battery)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. OFFICER RIVAS's conduct against Plaintiff constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

55. Such contact caused serious physical, psychological, and emotional pain and suffering, and otherwise caused damage to Plaintiff.

### EIGHTH CAUSE OF ACTION
### (Malicious Prosecution — Federal Claim)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55 with the same force and effect as if more fully set forth at length herein.

57. Following Plaintiff's arrest, OFFICER MCDONNELL did not make a full and complete statement of the facts to the District Attorney.

58. OFFICER MCDONNELL was directly and actively involved in the initiation of criminal proceedings against Plaintiff. OFFICER MCDONNELL acted with malice initiating and continuing the criminal proceedings against Plaintiff.

59. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated, and subjected to handcuffing and other physical restraints without probable cause.

60. Plaintiff suffered physical injury, extreme mental and emotional anguish as a result of OFFICER MCDONNELL's wrongful actions. Plaintiff's reputation was damaged, Plaintiff suffered lost earnings, among other things, as a result of the OFFICER MCDONNELL 's deliberate and malicious conduct.

61. The acts and conduct of OFFICER MCDONNELL deprived Plaintiff of his liberty without Due Process of Law in violation of his Fourteenth Amendment Rights. OFFICER MCDONNELL is liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

### NINTH CAUSE OF ACTION
(Malicious Prosecution — State Claim)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. The acts and conduct of OFFICER MCDONNELL constitute malicious prosecution under statutory and common law of the State of New York, and, as such, OFFICER MCDONNELL is liable to Plaintiff.

## TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 63 with the same force and effect as if more fully set forth at length herein.

65. OFFICER RIVAS's conduct, in assaulting, battering, and unlawfully arresting Plaintiff, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, and manifested conduct that exceeded all reasonable bounds of decency.

66. OFFICER RIVAS's conduct, described above, was intended to and did cause severe physical, psychological, and emotional distress to Plaintiff.

67. OFFICER RIVAS's conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

## ELEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 68 with the same force and effect as if more fully set forth at length herein.

70. OFFICER RIVAS's conduct, in assaulting, battering, and unlawfully arresting Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

71. OFFICER RIVAS's conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

## TWELFTH CAUSE OF ACTION
(Aiding and Abetting)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. OFFICER MCDONNELL aided and abetted OFFICER RIVAS by participating in, and observing and failing to intervene in the assault, battery, and unlawful arrest of Plaintiff.

75. As a result of the foregoing, by the acts and omissions of OFFICER MCDONNELL, Plaintiff was deprived of his liberty, was subjected to serious physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

### THIRTEENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, and Supervision)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 75 with the same force and effect as if more fully set forth at length herein.

77. The CITY OF NEW YORK, acting through the NYPD and its agents, servants and employees acting within the scope of their employment did negligently hire, retain, train, and supervise OFFICER RIVAS and OFFICER MCDONNELL who were unfit for the performance of police duties on October 17, 2014, at the aforementioned location. As such, the CITY OF NEW YORK is liable to Plaintiff for the negligent hiring, retention, training, and supervision of OFFICER RIVAS and OFFICER MCDONNELL.

### FOURTEENTH CAUSE OF ACTION
### (*Respondeat Superior* Liability For State Law Claims)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 77 with the same force and effect as if more fully set forth at length herein.

-15-

79. The conduct of OFFICER RIVAS and OFFICER MCDONNELL stated herein occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as officers in the NYPD, and while they were acting as an agents, officers, servants, and employees of the CITY OF NEW YORK. As such, the CITY OF NEW YORK is liable to Plaintiff pursuant to the common law doctrine of *respondeat superior*.

### FIFTEENTH CAUSE OF ACTION
### (*Monell* Claim against the
### City of New York for Liability)

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 79 with the same force and effect as if more fully set forth at length herein.

81. The CITY OF NEW YORK through the NYPD had in effect, both before and at the time of the events stated in this complaint, several interrelated *de facto* policies, practices and customs. These policies, practices and customs included the failure to properly supervise, train, and instruct police officers with respect to proper techniques of stopping and questioning individuals and adequate evidence required to arrest a suspect and charge criminal actions.

82. Additionally, the NYPD tacitly endorses a code of silence amongst police officers to discourage officers from reporting official misconduct, and to offer false or incomplete accounts to protect fellow officers from investigations of misconduct. The CITY OF NEW YORK also engaged in a policy, practice, and

custom of failure to properly discipline police officers who violate a suspect's rights secured by the Constitution or other law.

83. In *Floyd v. City of New York*, 08-Civ-1034 (SAS), ECF No. 373, the NYPD was found engaging in a widespread practice of unconstitutional and discriminatory stops and frisks of individuals, and promoting a policy of racial profiling. The defendants' conduct in this case is a direct result of these unconstitutional policies and practices of the NYPD.

84. The CITY OF NEW YORK's interrelated polices, practices and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of the Plaintiff's Constitutional violations and injuries, as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. As to the First through Fifteenth Causes of Action, that the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the CITY OF NEW YORK, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000.00 against the defendants, jointly and severally;

b. That Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and

c.  That Plaintiff is granted such other and further relief as the Court deems just and equitable.

Dated:    New York, New York
          July 15, 2015

                                       PERLMUTTER & MCGUINNESS, P.C.

                                       By: _____
                                              Daniel A. McGuinness
                                     260 Madison Avenue, Suite 1800
                                     New York, New York 10016
                                     Tel: (212) 679-1990
                                     Fax: (888) 679-0585
                                     Attorneys for Plaintiff JEFFERY BUENO